## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN  DISTRICT OF TEXAS
## MARSHALL  DIVISION

**SHONTA MANNING**

**vs.**                                                        **CIVIL ACTION:**

**A&S MARSHALL, LLC., AND**
**ANWAR BAWANI**

<u>PLAINTIFF'S  ORIGINAL COMPLAINT</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## INTRODUCTION

1.     Plaintiff Shonta Manning  alleges violations of the Fair Labor Standards Act ("FLSA") entitlement of the right to receive pay for all time worked for Defendants.  Defendants have failed to pay Plaintiff and other similarly situated employees for continuous workday activities which are integral and indispensable to their principal activities.  For herself  the named Plaintiff seeks her unpaid wages, overtime, liquidated damages, all available equitable relief, attorney fees, and litigation expenses/costs, including expert witness fees and expenses.

## PARTIES

2.     The named Plaintiff was an  employee  of the Defendants.  The Plaintiff  brings this action to recover unpaid compensation due her .

3.   The Defendant A&S MARSHALL, LLC. is a   limited liability company having done or doing business in the State of Texas.  Defendant  A&S MARSHALL, LLC. doing   business in the Eastern District of Texas and can be served through its attorney Mr. Axel Lindholm, Attorney

**PLAINTIFFS COMPLAINT**
**Page 1**

at Law, 6301 Campus Circle Drive E, Suite 100, Irving, Texas 75038.    ANWAR BAWANI is

an officer or agent and may be served through his attorney  Mr. Axel Lindholm, Attorney at Law,

6301 Campus Circle Drive E, Suite 100, Irving, Texas 75038.    The term "employer" is defined

broadly by the FLSA as "any person acting directly or indirectly in the interest of an employer in

relation to an employee and includes . . . anyone acting in the capacity of officer or agent of such

labor organization." 29 U.S.C. § 203(d).

Plaintiff  seeks legal and equitable relief for retaliation in violation of section 15(a)(3) and

section 16(b) of the FLSA, 28 U.S.C. 215(a)(3) & 216(b).

## JURISDICTION AND VENUE

4.    Jurisdiction is conferred upon this Court by 28 U.S.C. §1331, 29 U.S.C. §216(b) and 28

U.S.C. § 1337.  This action arises in part under the Fair Labor Standards Act of 1938, 29 U.S.C.

§201, et seq.

5.   Venue for all causes of action stated herein pursuant to 28 U.S.C. § 1391(a)(1) lies in the

Eastern District of Texas, Marshall  Division in that a substantial part of the events or omissions.

giving rise to the claims occurred in this District.

## FACTS

6..   Defendant A&S Marshall, LLC. is a limited liability company doing business in Marshall,

Texas with a name of Marshall Foodmart.

7.  Anwar Bawani  is a corporate officer with operational control of a corporation's employees.

The overwhelming weight of authority is that a corporate officer with operational control of a

corporation's covered enterprise is an employer along with the corporation, jointly and severally

**PLAINTIFFS COMPLAINT**
**Page 2**

liable under the FLSA for unpaid wages." *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984)

8. Anwar Bawani is a corporate officer in several other Foodmarts, including A&S New Braunfels LLC., A&S Henderson, LLC., A&S Gilmer, LLC., and A&S Longview, LLC.,

9.   At all times relevant hereto, Defendants have been an enterprise engaged in commerce and/or in the production of goods for commerce, as those terms are defined by the FLSA.

10. Plaintiff Shonta Manning was employed as an alleged  manager by the defendants, whose job duties included, but are limited to (a) opening the store  (b) closing the store {c}  serving customers (d) document actions by completing forms, reports, logs and records. The Plaintiff  in her job handled goods, such as cleaning supplies and food which, according to their labels, were produced in interstate commerce.  Defendants had employees who regularly used channels of commerce including but not limited to, processing credit card transactions, making interstate phone calls, using the internet, and handling interstate mail.

11.   At all times relevant hereto, Defendants have  been an employer subject to the wage and hour provisions of the FLSA.

12.  Plaintiff started working at the facility in Marshall, Texas on or about November 17, 2019.

13. Sometime afterwards Plaintiff was allegedly promoted to a manager at the facility where she was employed.

14.   FLSA exempts from its overtime requirements "any employee employed in a bona fide executive, administrative, or professional capacity . . . as such terms are defined and delimited from time to time by regulations of the Secretary [of Labor]." 29 U.S.C. § 213(a)(1);  *Fife v.*

**PLAINTIFFS COMPLAINT**
**Page 3**

*Harmon*, 171 F.3d 1173, 1175 (8th Cir. 1999).

15.  To establish any exemption, an employer must establish that the employee's "primary duty" is the performance of exempt work, 29 C.F.R. § 541.700; that he is paid not less than the minimum salary level, § 541.600; and that he is paid on a "salary basis," § 541.602.

16.  C.F.R. § 541.600 provides that to qualify for the exemption, an employee "must be compensated on a salary basis at a rate of not less than $455 per week.

17.  As of January 1, 2020, an exempt employee must be compensated on a salary basis of not less than $684 per week. 29 C.F.R. §§ 541.600 and 601.

18.  The regulations provide that an employee is paid on a salary basis "if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a).

19.  Attached hereto as Exhibit "A" are Plaintiff's  earnings statement for the year 2019.

20.  These records reflect that Plaintiff was not paid the rate of $455.00 per week for all weeks worked during the year 2019.

21.  Attached hereto as Exhibit "B" are Plaintiff's earnings statement for the year 2020.

22.   These records reflect that Plaintiff was not paid the rate of $684.00 per week for all weeks worked during the year 2020.

23.  Defendants were aware, or should have been aware, that the FLSA required it to pay Plaintiff and other employees overtime compensation for hours worked in excess of 40 per week, and a minimum wage for all hours worked.

**PLAINTIFFS COMPLAINT**
**Page 4**

24.  As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and other employees.   This policy and pattern or practice includes, but is not limited to:

a. willfully failing to pay Plaintiff and others  overtime wages for hours that they worked in excess of 40 hours per workweek;

b. willfully misclassifying Plaintiff and other employees as exempt from the protections of the FLSA; and

c. willfully failing to record all of the time that its employees, including Plaintiff and other employees they  have worked for the benefit of Defendant.

25.  Defendants are  aware or should have been aware that federal law required it to pay employees performing non-exempt duties, including Plaintiff and other employees an overtime premium for hours worked in excess of 40 per workweek.

26.  Defendant's unlawful conduct has been widespread, repeated, and consistent.

27.  On June 23, 2020, after complaining about not being paid correctly to Sonia LaLane (spl.), her supervisor, she was told "give me the keys to the store" and Plaintiff was terminated.

28.  On or about August 18, 2020, Sonia LaLane (spl.) signed a statement that states in part "she was never get fired, she quit".   (See Exhibit "C" attached hereto).

29.  On or about June 23, 2020, Sonia LaLane (spl.) signed an employee warning form stating in part "letting you go, this job is not for you".  (See Exhibit "D" attached hereto).

30.   At all times relevant to this lawsuit, the Defendants have employed and continue to employ a substantial number of employees in non-exempt work.   Defendants business operation in Harrison County, Texas, was at all times relevant to this lawsuit, engaged in the performance of related activities through unified operation or common control for a common business purpose

and is an enterprise within the meaning of 29 U.S.C. §213(s)(6).

31.   Defendants have repeatedly and willfully violated, and continue  to willfully violate, Sections 6 and 7 of the FLSA by failing to pay Plaintiff and other similarly situated employees, or former employees, for the hours worked by such employees, by failing to pay Plaintiff  and others for all overtime hours worked and minimum wages.

32.  An employer that violates the FLSA is liable for "unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." Moreover, "any person who repeatedly or willfully violates [the FLSA], relating to wages shall be subject to a civil penalty not to exceed $1,100 for each such violation." § 216(e)(2).

**FAILURE TO PAY OVERTIME WAGES IN ACCORDANCE WITH THE FLSA BY DEFENDANTS**

33.  Plaintiff  incorporates by reference all allegations contained in Paragraphs 1 through 32 hereinabove.

34.  During the relevant period, Defendants have violated the provisions of Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

35.  During that period of employment Plaintiff  regularly worked in excess of forty (40)hours per workweek..   Defendants failed to pay Plaintiff  time-and-a-half for all hours they worked in excess of forty (40) hours in a workweek.   Plaintiff was a  non-exempt employee during the workweeks. Defendants failed to pay Plaintiffs any wages because Defendants failed to pay Plaintiffs  the minimum salary requirements under the FLSA.

36. Defendants deliberate decision to not compensate Plaintiff  for certain workweeks constitutes a willful violation of the FLSA.

**PLAINTIFFS COMPLAINT**
**Page 6**

37. Defendants have  repeatedly violated the Fair Labor Standards Act.

## RETALIATION

38.  On or about June 23, 2020, Plaintiff complained that she was not being paid correctly.  That same days she was terminated.  Section 15(a)(3) of the FLSA prohibits any "person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this Act." 29 U.S.C. §215(a)(3).

39. As a result of Plaintiff's  retaliation and discharge by the Defendants in violation of section 15 (a)(3) of the FLSA , Plaintiff  seeks recovery from Defendant for her lost wages in the past and in the future, compensatory damages as suffered by Plaintiff, and her reasonable and necessary attorney's fees. Plaintiff  additionally seeks an award of punitive damages against Defendants for their intentional act of retaliatory discharge in express violation of section 15(a)(3) of the FLSA.

## FAILURE TO MAINTAIN RECORDS

40. 29 C.F.R. Sec. 516.2 sets out the guidelines for what the employer must do to comply to with Fair Labor Standards Act, which includes but is not limited to accurate record keeping. The employer has the obligation to maintain records of the employee's work hours. *See* 29 U.S.C. § 211(c) ("Every employer subject to any provision of this chapter . . . shall make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him, and shall preserve such records for such periods of time.").

## UNJUST ENRICHMENT BY DEFENDANTS

41.  Plaintiff incorporates by reference all allegations contained in Paragraphs 1 through 40  hereinabove.

42. Defendants were unjustly enriched when they failed to pay Plaintiff for all time worked, and for

**PLAINTIFFS COMPLAINT**
**Page 7**

failing to pay Plaintiff the set amount that was promised by the Defendants.  As a result of Defendants unjust enrichment, Plaintiff suffered damages and Plaintiff hereby sues.

### REQUESTED RELIEF

43.   Plaintiff  has  suffered and continues to suffer damages as a result of the Defendants  failure and refusal to pay proper compensation, as shown above, because of the Defendants  continued violations of the FLSA.   Plaintiff is  entitled to judgment granting them  damages in the amount of  the difference between the partial wages actually received by the Plaintiff  and the full wages she is  entitled to recover under the law, including all uncompensated overtime wages for hours worked for any activity that is integral and indispensable to the principal activities, and attorney fees.

44.  Plaintiff, in addition for her claim for actual damages, seek injunctive relief from the Court to prevent future violations of the FLSA, as alleged herein.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff  prays that judgment be granted:

1. Ordering the Defendants to pay the Plaintiff compensation due as a result of Defendants violation of the FLSA;

2. Ordering Defendants to pay the Plaintiff  liquidated damages;

3. Ordering Defendants to pay damages for unjust enrichment.

4.  Ordering Defendants to pay the Plaintiff  a civil penalty not to exceed $1,100.00 for each violation of the FLSA.

5. Granting injunctive relief by ordering Defendants to comply with the requirements of the

**PLAINTIFFS COMPLAINT**
**Page 8**

FSLA.

6.  Ordering Defendants to pay Plaintiff costs of court in this action;

7 . Ordering Defendants to pay Plaintiff reasonable attorney fees and litigation expenses/costs,

including expert fees and expenses; and

8.  Providing such other and further relief as is just and necessary.

Respectfully submitted,
_/S/_____
Bob Whitehurst
State Bar No. 21358100
Bob Whitehurst
5380 Old Bullard Road
Suite 600, #363
Tyler, Texas 75703
(903)593-5588
Attorney for Plaintiff

**PLAINTIFFS COMPLAINT**
**Page 9**